Bv the Court.
Bosworth, J.
—The note was correctly described in every particular, except one. It was, by its terms, payable eight months after its date. The complaint, did not state when it was payable. It stated truly its date, and amount, the names of the makers and payees, and the indorsement of it. A note, stating no day of payment, would, as to that particular, correspond with the complaint. There was undoubtedly a variance between the note produced and that described by the complaint. But the variance was not material. The Code declares that no variance between an allegation in a pleading and the proof, shall be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense, upon the merits. (Code, § 169.)
If a party allege he has been misled, he must prove that fact to the satisfaction of the Court, and in what respect he has been misled. One of the defendants was sworn, and testified as to those matters, and his evidence showed that they had never made any note payable on demand, nor any other note of the date and amount of the one in suit, and he knew the plaintiff held this identical note, and he did not pretend there was any defense to it on the merits. The Court was therefore bound to disregard the variance. (Catlin v. Gunter, 1 Kern., 368.)
When there is a variance between some of the allegations of a pleading and the proof and that is all, the Court has no power to nonsuit on the mere ground that such a variance exists, or is material.
The only test of materiality of the variance, is proof, to be furnished by the party objecting to the variance, that it has actually misled him, to his prejudice, (if a defendant) in maintaining his defense, upon the merits. And the proof must show *459 “in what respect he has been misled.” If it is not made to appear that he has been so misled, his objection is unavailing. He cannot be misled to his prejudice upon the merits, when he has no merits. These defendants had no merits, and no defense.
It is only when, the allegation of the cause of action, to which the proof is directed, is unproved, not in some particular or particulars only, but in its entire scope and meaning, that it presents the case of a failure of proof, and ceases to be one of variance within sections 169 and 170 of the Code. (Code, § 171.)
In this case, the allegation of the cause of action was unproved in one particular only. In all others it was proved precisely as stated in the complaint. The nonsuit was properly refused, and there was no error in ordering a verdict for the plaintiff.
The judgment must be affirmed, with costs.
Judgment affirmed.